THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARK AHLQUIST, as next friend, parent and guardian of J.A., a minor<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CRANSTON, by and through Robert F. Strom, in his capacity as Director of Finance, and by and through the SCHOOL COMMITTEE OF THE CITY OF CRANSTON,<br><br>Defendant. | C.A. No. 11-138-L<br><br>**JURY TRIAL DEMANDED** |

## ANSWER

Defendant City of Cranston, by and through Robert F. Strom, and by and through the School Committee of the City of Cranston, denies all allegations in the Third Amended Complaint not specifically admitted, modified or explained herein. Defendant denies that it has deprived plaintiff of any rights secured by the First and Fourteenth Amendments to the United States Constitution or 42 U.S.C. § 1983. Defendant denies that Plaintiff is entitled to any of the relief requested. Defendant further answers specifically the allegations contained in the numbered paragraphs of the Third Amended Complaint as follows:

1. Paragraph 1 sets forth conclusions of law to which no response is required.

2. Paragraph 2 sets forth conclusions of law to which no response is required.

3. Admitted only that J.A. is a minor attending the public schools of the City of Cranston. Defendant lacks knowledge or information sufficient to form a belief as to the truth of

the allegations relating to Mark Ahlquist. The remainder of the allegations contained in Paragraph 3 are conclusions of law to which no response is required.

4. Admitted only that the City of Cranston is a municipal corporation and government within the state of Rhode Island. The remainder of the allegations contained in Paragraph 4 are conclusions of law to which no response is required.

5. Admitted only that J.A. is a sophomore at Cranston High School West ("Cranston West"). Defendant lacks knowledge or information sufficient to form a belief as to the remainder of the allegations contained in Paragraph 5.

6. Paragraph 6 sets forth conclusions of law to which no response is required.

7. Admitted only that in or about 1963 a banner was placed in the new auditorium of Cranston West that contains the text set forth at Paragraph 10 of the Complaint ("Banner"). Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 7.

8. Admitted only that the Banner is affixed to a side wall of the auditorium. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 8.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Admitted only that the Banner reads as stated. The other allegation contained in Paragraph 10 is denied.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12. Paragraph 12 sets forth a statement regarding an attachment to the Complaint to which no response is required. To the extent Paragraph 12 contains factual allegations, Defendant lacks knowledge or information sufficient to form a belief as to their truth.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15. Admitted that Cranston West opened in the late 1950s.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17. Admitted only that one of the students who wrote the language quoted in Paragraph 10 was David Bradley.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19. Admitted only that Mr. Bradley appeared and spoke at the March 7, 2011 Special Meeting of the Cranston School Committee. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 19.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25. Denied.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29. Admitted that Cranston West conducts school programs in the Cranston West auditorium. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34. The remaining allegations in Paragraph 34 set forth conclusions of law to which no response is required

35. Admitted only that J.A. appeared and spoke in opposition to the Banner at meetings of the Cranston School Committee or a sub-committee thereof on November 30, 2010, February 22, 2011 and March 7, 2011. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 35.

36. Admitted only that J.A. appeared and spoke in opposition to the Banner at meetings of the Cranston School Committee or a sub-committee thereof on November 30, 2010, February 22, 2011 and March 7, 2011. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 36.

37. Admitted only that the Cranston School Committee undertook a consideration of the objections of J.A. and others to the Banner. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 37.

38. Admitted only that the Cranston School Committee and a subcommittee thereof discussed the Banner at several meetings. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38.

39. Admitted only that J.A. appeared and spoke in opposition to the Banner at meetings of the Cranston School Committee or a sub-committee thereof on November 30, 2010,

February 22, 2011 and March 7, 2011. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 39.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42.

43. Admitted only that on or about March 7, 2011, the Cranston School Committee decided not to remove the Banner at that time. The remaining allegations in Paragraph 43 are denied.

44. Admitted only that the Cranston School Committee heard and discussed various suggestions relating to the Banner. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Paragraph 51 sets forth conclusions of law to which no response is required.

52. Defendant restates and incorporates its response to Paragraphs 1 through 51 of the Complaint as if set forth fully herein.

53. Denied.

## First Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted. The Complaint fails to articulate a legally sufficient factual basis for claims under 42 U.S.C. § 1983 and/or the United States Constitution.

## Second Affirmative Defense

Defendant has the status of sovereign and all benefits which inure to said status, including all applicable doctrines of immunity.

## Third Affirmative Defense

Plaintiff's claims are barred by the doctrine(s) of waiver, laches, and/or unclean hands.

## Fourth Affirmative Defense

Plaintiff's claims are barred by the applicable statutes of limitation.

## Fifth Affirmative Defense

To the extent Plaintiff claims damages, said claim is limited by R.I.G.L. § 9-31-3.

## Sixth Affirmative Defense

Plaintiff's claims are barred to the extent that Defendant's alleged conduct is not covered by or is subject to qualified immunity and/or other defenses arising under 28 U.S.C. § 1983.

## Seventh Affirmative Defense

Plaintiff failed to join one or more necessary parties.

## Eighth Affirmative Defense

To the extent that Plaintiff claims damages, any such injury, if it occurred, resulted from the acts or omissions of a third party over which Defendant had no control.

### Ninth Affirmative Defense

To the extent that Plaintiff claims damages, they are unavailable as a matter of law by virtue of the public duty doctrine and Plaintiff's failure to comply with R.I.G.L. § 45-15-5.

### Tenth Affirmative Defense

Plaintiff's claims are barred by lack of standing.

### Demand for Jury Trial

In accordance with Fed. R. Civ. P. 38(b), Defendant demands a trial by jury on all issues so triable.

WHEREFORE, Defendant prays that the Court dismiss this action and award Defendant its costs, including reasonable attorneys' fees.

CITY OF CRANSTON, by and through
Robert F. Strom, in his capacity as
Director of Finance, and by and through
the SCHOOL COMMITTEE OF THE
CITY OF CRANSTON

By its attorneys,

/s/ Joseph V. Cavanagh, Jr.
/s/ Joseph V. Cavanagh, III
Joseph V. Cavanagh, Jr. #1139
Joseph V. Cavanagh, III #6907
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, Rhode Island 02903
Telephone: (401) 831-8900
Facsimile: (401) 751-7542
jvc@blishcavlaw.com
jvc3@blishcavlaw.com

/s/ Anthony A. Cipriano
/s/ Christopher M. Rawson
Anthony A. Cipriano  #1508
Christopher M. Rawson  #5191
869 Park Avenue
Cranston, Rhode Island 02910
Telephone:  (401) 780-3133
Facsimile:  (401)780-3179
acipriano@cranstonri.org
crawson@lovettlaw.com


*Of Counsel:*

Eric C. Rassbach, Esq.
Lori H. Windham, Esq. (*pro hac vice* pending)
Joshua Hawley, Esq.
The Becket Fund for Religious Liberty
3000 K St. NW, Suite 220
Washington, D.C. 20007
Telephone:  (202) 955-0095
Facsimile:  (202) 955-0090
erassbach@becketfund.org
lwindham@becketfund.org
jhawley@becketfund.org


CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2011, the within document was filed electronically and made available for viewing and downloading from the Court's Electronic Case Filing System by all parties, represented as follows:

Lynette Labinger, Esq.
Roney & Labinger LLP
labinger@roney-labinger.com

Thomas R. Bender, Esq.
Hanson Curran LLP
trb@hansoncurran.com


 /s/ Joseph V. Cavanagh, III

9