UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARK AHLQUIST, as next friend, parent and guardian of J-- A--, a minor<br><br>v.<br><br>CITY OF CRANSTON, by and through Robert F. Strom, in his capacity as Director of Finance, and by and through the SCHOOL COMMITTEE OF THE CITY OF CRANSTON, and SCHOOL COMMITTEE OF THE CITY OF CRANSTON, by and through Andrea Iannazzi, in her capacity as Chair of the School Committee of the City of Cranston | C.A. No. 11-138-L |

**AMENDED COMPLAINT**

**Jurisdiction And Venue**

1. This is an action for declaratory and injunctive relief and for damages for denial of rights protected by the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. Venue is proper in the District of Rhode Island pursuant to 28 U.S.C. § 1391(b).

**Parties**

3. Plaintiff MARK AHLQUIST is a citizen of the United States and the State of Rhode Island. He is a resident and taxpayer of defendant City of Cranston. He is the father and legal guardian of J-- A--. J-- A-- is a minor attending the public schools operated by defendant City of Cranston by and through its School Committee. MARK AHLQUIST brings this action as next friend, parent and guardian of J-- A--. Mark Ahlquist and J-- A-- are hereinafter referred to collectively as "plaintiff" or "J-- A--."

1

4. Defendants are:

    a. Defendant CITY OF CRANSTON ("Cranston") is a municipal corporation and government within the State of Rhode Island. Upon information and belief, Cranston is required by the laws of the State of Rhode Island, including R.I.G.L. §16-2-2, to establish and maintain public schools for elementary and secondary education of children residing in the City of Cranston under the control and management of its School Committee. Cranston is sued by and through its DIRECTOR OF FINANCE, ROBERT F. STROM, and the SCHOOL COMMITTEE OF THE CITY OF CRANSTON. With respect to the matters complained of herein, Cranston has acted and refused to act under color of state law.

    b. Defendant SCHOOL COMMITTEE OF THE CITY OF CRANSTON ("the School Committee") is a department of Cranston municipal corporation and government. Upon information and belief, the School Committee is invested, pursuant to R.I.G.L. chapter 16-2, including but not limited to §§16-2-2, 16-2-9, and 16-2-15, with the entire care, control and management of the public schools of the City of Cranston including care and control of all public school buildings and other public school property. The School Committee is sued by and through its CHAIR, ANDREA IANNAZZI, in her capacity as Chair of the School Committee of the City of Cranston. With respect to the matters complained of herein, the School Committee has acted and refused to act under color of state law.

5. J-- A-- attends Cranston High School West ("Cranston West"). She is a sophomore. Over the past year and one-half, J-- A-- has been required, as part of routine attendance, to regularly attend school-sponsored and required programs in the auditorium of Cranston West.

6. Upon information and belief, Cranston and the School Committee jointly and/or severally own and operate Cranston High School West.

### The School Prayer

7. Upon information and belief, in or about the 1960s, Cranston and/or the School Committee erected a religious prayer in the form of a banner in the auditorium of Cranston West ("the prayer").

8. The prayer erected by Cranston and/or the School Committee is permanently affixed to a wall near the stage of the auditorium. A picture of the prayer is attached hereto as Exhibit 1 and incorporated herein.

9. Upon information and belief, the prayer can be viewed by the audience and individuals on the stage.

10. The prayer erected by Cranston and/or the School Committee reads as follows:

> SCHOOL PRAYER
>
> OUR HEAVENLY FATHER,
>
> GRANT US EACH DAY THE DESIRE TO DO OUR BEST, TO GROW MENTALLY AND MORALLY AS WELL AS PHYSICALLY, TO BE KIND AND HELPFUL TO OUR CLASSMATES AND TEACHERS, TO BE HONEST WITH OURSELVES AS WELL AS WITH OTHERS, HELP US TO BE GOOD SPORTS AND SMILE WHEN WE LOSE AS WELL AS WHEN WE WIN, TEACH US THE VALUE OF TRUE FRIENDSHIP, HELP US ALWAYS TO CONDUCT OURSELVES SO AS TO BRING CREDIT TO CRANSTON HIGH SCHOOL WEST.
>
> AMEN

11. Upon information and belief, the prayer is positioned more than 5 feet above the ground and

is at least 8 feet high and at least 3 feet wide.

12. A photograph displaying the prayer, its location and size relative to a person approximately 5 feet tall standing beneath it is attached hereto as Exhibit 2 and incorporated herein.

13. Upon information and belief, the prayer is designed to be easily read by students attending programs in the auditorium.

14. Upon information and belief, the prayer is specifically directed to students attending Cranston West.

### History of the Prayer

15. Upon information and belief, Cranston High School West first opened in the late 1950s or early 1960s.

16. Upon information and belief, in or about 1960, members of the student body of Cranston West undertook the following actions:

    a. write a school prayer

    b. write a school creed

    c. pick school colors

    d. pick a school mascot or name

17. Upon information and belief, the language of the prayer as described in the preceding paragraph was written by a student named David Bradley.

18. Upon information and belief, the actions undertaken by members of the student body as described in the preceding two paragraphs were undertaken at the request and/or with the approval of the school administration of Cranston West.

19. Upon information and belief, Mr. Bradley described the origins of the prayer at a public meeting of the Cranston School Committee on March 7, 2011, which was recorded and can be accessed at http://www.youtube.com/watch?v=SSyMnUN_jwE&feature=related.

20. Upon information and belief, the prayer, once written and accepted by the school administration, was recited by students of Cranston West in group settings on a daily basis.

21. Upon information and belief, prior to the adoption of the aforesaid prayer, students at Cranston West were led, on a daily basis, in reciting the Catholic rendering of the Lord's Prayer, by teachers or other representatives of the school administration.

22. Upon information and belief, in or about 1963, the school administration caused the prayer to be painted, in the shape of a banner, onto one of the walls of the auditorium at Cranston West and the creed, in the shape of a banner, onto another one of the walls of the auditorium.

   a. Upon information and belief, the School Prayer is located on the auditorium wall to the right of the stage.

   b. Upon information and belief, a "School Creed" is installed and located on the auditorium wall to the left of the stage across from the School Prayer.

   c. Upon information and belief, the School Prayer is styled in the form of a banner framed in red and gray and topped with a depiction of an urn with wings.

23. Upon information and belief, after the installation of the prayer in the auditorium, students at Cranston West continued to recite the prayer in group settings.

24. Upon information and belief, teachers, principals or other representatives of the Cranston West school administration participated with or led groups of students at Cranston West in the recitation of the aforesaid prayer.

25. Upon information and belief, Cranston and/or the School Committee created and maintained a similar prayer in the auditorium of the Hugh B. Bain Middle School attended by children in grades 7 and 8 ("the Bain Prayer").

   a. Upon information and belief, the Bain Prayer contained the following text:

5

School Prayer

Our heavenly father,
We thank thee for our country with its ideas of liberty and justice.
We are grateful for a community interested in our welfare and for a school rich in opportunities.
Bless us and give each of us strength that we may make the most of our talents of spirit, mind, and body.
Teach us to use these talents in service to others for in that manner we may best serve thee.
Above all teach us how to live the golden rule 'to do unto others as we would have them do unto us.'
Bless our school and let thy light so shine upon us that our school community may be inspired with a divine spirit of mutual happiness."
Amen.

    b. Upon information and belief, the Bain Prayer was located on the auditorium wall to the right of the stage.

    c. Upon information and belief, a "School Creed" was installed and located on the auditorium wall to the left of the stage across from the Bain Prayer.

    d. Upon information and belief, the Bain Prayer was styled in the form of a banner framed in light blue and topped with a depiction of an urn with wings.

26. Upon information and belief, Cranston and/or the School Committee maintained and displayed the Bain Prayer at Hugh B. Bain Middle School for at least 50 years.

    a. Upon information and belief, Cranston and/or the School Committee authorized the removal of the Bain Prayer in or about 2011.

    b. Upon information and belief, Cranston and/or the School Committee authorized the removal of the Bain Prayer after Plaintiff commenced this action.

    c. Upon information and belief, Cranston and/or the School Committee caused the removal of the Bain Prayer in or after April 2011.

    d. Upon information and belief, the removal of the Bain Prayer was authorized by Cranston and/or the School Committee without conducting any public hearings.

    e.    Upon information and belief, the removal of the Bain Prayer was authorized by Cranston and/or the School Committee without public vote or advance public notice.

**Cranston and/or the School Committee's Endorsement and Maintenance
of the Prayer and its Impact on the Plaintiff**

27. Upon information and belief, Cranston and/or the School Committee have maintained the prayer in its place in the Cranston West auditorium continuously and without alteration for approximately 50 years.

28. Upon information and belief, over time, Cranston and/or the School Committee discontinued the practice of daily recitation of the prayer.

29. Upon information and belief, at all times material hereto, Cranston and/or the School Committee have conducted school programs for the students of Cranston West in the Cranston West auditorium, including both programs as to which attendance is mandatory and extra-curricular programs as to which attendance is left to the student's choice.

30. J-- A-- has participated in both mandatory and extra-curricular school programs in the Cranston West auditorium as a freshman and sophomore and expects to continue to attend school programs in the auditorium as a junior and senior.

31. J-- A-- first observed the prayer at Cranston West during her freshman year and has observed it on each occasion that she has participated in school programs in the Cranston West auditorium since that time.

32. J-- A-- does not subscribe to the religious expression conveyed by the prayer and objects to being subjected to it as a requirement of attending school and a condition of attending school programs in the auditorium. J-- A--'s father, Mark Ahlquist, does not believe his daughter should be subjected to a religious communication and display with which she does not agree as a condition of attending public school.

33. J-- A--, in observing the prayer in her school, feels excluded, ostracized and devalued by her school because she does not share or agree with the religious expression conveyed by the prayer.

34. J-- A-- further considers and objects to the prayer as constituting and conveying government endorsement of religion and government endorsement of a particular religious viewpoint with which she does not agree.

35. Commencing in or about August 2010, J-- A-- and others expressed their objections to the prayer to the School Committee, seeking the removal of the prayer as a religious statement and display by Cranston and/or the School Committee in a Cranston public school.

36. Among other things, J-- A-- and others advocated to the School Committee that the prayer be removed from the auditorium wall or that the display on the wall be reworded to remove the prayer.

37. Upon information and belief, Cranston by and through its public officials, including the School Committee of the City of Cranston, and the School Committee, undertook a consideration of the objections of plaintiff and others to the prayer.

38. Upon information and belief, Cranston and/or the School Committee held public hearings and convened meetings of the School Committee and a special subcommittee to consider the continued maintenance and display of the prayer in the auditorium of Cranston West.

39. Upon information and belief, during the public hearings, J-- A-- and others expressed their personal objections to the prayer, seeking its removal and expressing their objection that the presence of the prayer made students, such as J-- A--, feel excluded, ostracized and devalued at school because they do not share or agree with the religious expression conveyed by the prayer.

40. Upon information and belief, comments by members of the public at the public hearings

included many expressions of anger and outrage at those individuals, characterized as the minority, who were challenging the prayer.

41. Upon information and belief, many members of the public at the public hearings who presented statements in support of retaining the prayer identified its religious message as the reason for their support.

42. Upon information and belief, on or about March 8, 2011, Cranston West school administration, acting on behalf of Cranston and/or the School Committee, removed J-- A-- and another student from their regular classroom schedule, in response to concerns for their safety arising out of J-- A--'s opposition to the prayer.

43. Upon information and belief, Cranston, by its School Committee, and/or the School Committee, on or about March 7, 2011, rejected all objections and determined that Cranston and/or the School Committee would continue to maintain the prayer in the auditorium at Cranston West.

44. Upon information and belief, before reaching the decision to maintain the prayer without alteration, Cranston and/or the School Committee also considered removing the prayer from the wall or rewording the prayer to eliminate its religious content.

45. Upon information and belief, in reaching the decision to continue to display the prayer at Cranston West, Cranston and/or the School Committee acknowledged the religious nature of its communication.

46. Upon information and belief, in reaching the decision to continue to display the prayer at Cranston West, Cranston and/or the School Committee endorsed its religious communication.

47. Upon information and belief, in reaching the decision to continue to display the prayer at Cranston West, Cranston and/or the School Committee expressly confirmed their

    determination to continue to communicate a religious statement to the community, including minor students attending Cranston West.

48. As a direct result of the foregoing, J-- A-- has been and continues to be subjected to a religious display in the public school to which she objects; and to feel ostracized, treated as an outsider, demeaned and devalued for not sharing the orthodox religious views espoused and endorsed by the City of Cranston and/or the School Committee.

49. As a direct result of the foregoing, J-- A-- has suffered personal injuries, including but not limited to pain and suffering, stress and anxiety, feelings of exclusion and isolation within her community, and fear of physical harm and retaliation.

50. As a direct result of the foregoing, J-- A-- has been denied and deprived of rights protected under the First and Fourteenth Amendments of the United States Constitution.

51. Plaintiff has no adequate remedy at law.

### Count I (42 U.S.C. § 1983, First Amendment)

52. Paragraphs 1 through 51 are incorporated herein as if restated in full.

53. By erecting, displaying and maintaining the prayer at Cranston West, defendants have deprived plaintiff of rights secured by the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

### Relief Requested

WHEREFORE, plaintiff respectfully requests that this Court grant the plaintiff the following relief:

    A.    A declaratory judgment declaring that the maintenance and display of the "School Prayer" at Cranston High School West by defendants City of Cranston and School Committee of the City of Cranston have deprived plaintiff of rights secured by the First and Fourteenth Amendments to the United States Constitution, and 42 U.S.C.

   § 1983.

B. Pending hearing on the merits, a preliminary injunction prohibiting defendants City of Cranston and School Committee of the City of Cranston from displaying the School Prayer in the presence of students.

C. A permanent injunction directing defendants City of Cranston and School Committee of the City of Cranston to remove the School Prayer from public display at any public school building attended by students of the City of Cranston.

D. Compensatory damages, including interest, for the injuries suffered by J-- A-- as a result of the deprivation of her rights by defendants City of Cranston and School Committee of the City of Cranston.

E. Attorneys' fees and costs and expenses as authorized by law.

F. Such other and further relief as this Court deems necessary and proper.

        Plaintiff,
        By plaintiff's attorneys,

         /s/ Lynette Labinger
        Lynette Labinger  #1645
        Roney & Labinger
         Cooperating Counsel,
        Rhode Island Affiliate,
        American Civil Liberties Union
        344 Wickenden Street
        Providence, RI 02903
        labinger@roney-labinger.com
        (401) 421-9794
        (401) 421-0132 (fax)

       /s/ Thomas R. Bender  
       Thomas R. Bender #2799  
       Hanson Curran LLP  
       Cooperating Counsel,  
       Rhode Island Affiliate,  
       American Civil Liberties Union  
       One Turks Head Place Suite 550  
       Providence, RI 02903  
       trb@hansoncurran.com  
       (401) 421-2154  
       (401) 521-7040 (fax)

### Certificate of Service

I hereby certify that on June 5, 2011, a true copy of the foregoing document was served upon each attorney of record listed below by electronic filing of this document with the United States District Court for the District of Rhode Island:

| | |
|---|---|
| Joseph V. Cavanagh, Jr.<br>Blish & Cavanagh LLP<br>30 Exchange Terrace<br>Providence, RI 02903-1765<br>jvc@blishcavlaw.com | Joseph V. Cavanagh, III<br>Blish & Cavanagh LLP<br>30 Exchange Terrace<br>Providence, RI 02903-1765<br>jvc3@blishcavlaw.com |
| Lori H Windham<br>The Becket Fund for Religious Liberty<br>3000 K St. NW, Suite 220<br>Washington, D.C. 20007<br>lwindham@becketfund.org | Anthony A. Cipriano #1508<br>Christopher M. Rawson #5191<br>869 Park Avenue<br>Cranston, Rhode Island 02910<br>acipriano@cranstonri.org<br>crawson@lovettlaw.com |

       /s/ Lynette Labinger



Exhibit 1



Exhibit 2