## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARK AHLQUIST, as next friend, parent and guardian of J-- A--, a minor | |
| v. | C.A. No. 11-138-L |
| CITY OF CRANSTON, by and through Robert F. Strom, in his capacity as Director of Finance, and by and through the SCHOOL COMMITTEE OF THE CITY OF CRANSTON, and SCHOOL COMMITTEE OF THE CITY OF CRANSTON, by and through Andrea Iannazzi, in her capacity as Chair of the School Committee of the City of Cranston | **JURY TRIAL DEMANDED** |

## ANSWER TO AMENDED COMPLAINT

Defendants City of Cranston, by and through Robert F. Strom, and by and through the School Committee of the City of Cranston, and School Committee of the City of Cranston, by and through Andrea Iannazzi, in her capacity as Chair of the School Committee of the City of Cranston, deny all allegations in the Amended Complaint not specifically admitted, modified or explained herein. Defendants deny that they have deprived plaintiff of any rights secured by the First and Fourteenth Amendments to the United States Constitution or 42 U.S.C. § 1983. Defendants deny that Plaintiff is entitled to any of the relief requested. Defendants further answer specifically the allegations contained in the numbered paragraphs of the Amended Complaint as follows:

1.    Paragraph 1 sets forth conclusions of law to which no response is required.

2.    Paragraph 2 sets forth conclusions of law to which no response is required.

3.    Admitted only that J.A. is a minor attending the public schools of the City of Cranston.  Defendants lack knowledge or information sufficient to form a belief as to the truth of

the allegations relating to Mark Ahlquist. The remainder of the allegations contained in Paragraph 3 are conclusions of law to which no response is required.

4.     (a)     Admitted only that the City of Cranston is a municipal corporation and government within the State of Rhode Island.  The remainder of the allegations contained in Paragraph 4(a) are conclusions of law to which no response is required;

       (b)     Admitted only that, pursuant to the Charter of the City of Cranston, the School Committee of the City of Cranston has and performs all the powers and duties conferred or imposed on school committees by the laws of the State of Rhode Island.  The remainder of the allegations contained in Paragraph 4(b) are conclusions of law to which no response is required.

5.     Admitted only that J.A. is a sophomore at Cranston High School West ("Cranston West"). Defendants lack knowledge or information sufficient to form a belief as to the remainder of the allegations contained in Paragraph 5.

6.     Paragraph 6 sets forth conclusions of law to which no response is required.

7.     Admitted only that in or about 1963 a banner was placed in the new auditorium of Cranston West that contains the text set forth at Paragraph 10 of the Complaint ("Banner"). Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 7.

8.     Admitted only that the Banner is affixed to a side wall of the auditorium. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 8.

9.     Admitted only that the Banner is visible from various points in the auditorium. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Admitted only that the Banner reads as stated. The other allegation contained in Paragraph 10 is denied.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12. Paragraph 12 sets forth a statement regarding an attachment to the Complaint to which no response is required. To the extent Paragraph 12 contains factual allegations, Defendants lack knowledge or information sufficient to form a belief as to their truth.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15. Admitted that Cranston West opened in the late 1950s.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17. Admitted only that one of the students who wrote the language quoted in Paragraph 10 was David Bradley.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19. Admitted only that Mr. Bradley appeared and spoke at the March 7, 2011 Special Meeting of the Cranston School Committee. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 19.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22.     Admitted that the Banner is painted on one of the walls of the auditorium at Cranston West. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22;

(a)     Admitted that the Banner is located on the auditorium wall to the right of the stage;

(b)     Admitted that in or about 1963 a banner was placed in the new auditorium of Cranston West that features text styled a school creed and that said banner is located on the auditorium wall to the left of the stage;

(c)     Admitted that the Banner is styled in the form of a banner and includes red and gray.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 22(c).

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25.     Admitted only that a banner was placed in the auditorium of Hugh B. Bain Middle School ("Bain Banner") and that Hugh B. Bain Middle School is attended by children in grades 7 and 8.

(a)     Denied.  Answering further, with minor deviations in punctuation, the text set forth in Paragraph 25(a) matches the text on the Bain Banner except that the Bain Banner does not conclude with "Amen."

(b)     Admitted that the Bain Banner was located on the auditorium wall to the right of the stage

(c)     Admitted that a banner was placed in the auditorium of Hugh B. Bain Middle School that features text styled a school creed and that said banner was located on the auditorium wall to the left of the stage.

(d)     Admitted that the Bain Banner was styled in the form of a banner and included light blue.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 25(d).

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

(a)     Admitted that the Bain Banner was removed from the auditorium wall to the right of the stage in or about May of 2011.  Defendants lack knowledge or information sufficient to form a belief as to the remainder of the allegations contained in Paragraph 26(a).

(b)     Admitted that the Bain Banner was removed from the auditorium wall to the right of the stage after the commencement of this action.  Defendants lack knowledge or information sufficient to form a belief as to the remainder of the allegations contained in Paragraph 26(b).

(c)     Admitted that the Bain Banner was removed from the auditorium wall to the right of the stage in or about May 2011.  Defendants lack knowledge or information sufficient to form a belief as to the remainder of the allegations contained in Paragraph 26(c);

(d)     Defendants lack knowledge or information sufficient to form a belief as to the remainder of the allegations contained in Paragraph 26(d).

(e)     Admitted only that no public vote was taken on the removal of the Bain Banner. Defendants lack knowledge or information sufficient to form a belief as to the remainder of the allegations contained in Paragraph 26(e).

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28.     Admitted only that Cranston and/or the School Committee does not engage in daily recitation of the text of the Banner. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28.

29.     Admitted that Cranston West conducts school programs in the Cranston West auditorium. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34. The remaining allegations in Paragraph 34 set forth conclusions of law to which no response is required

35.     Admitted only that J.A. appeared and spoke in opposition to the Banner at meetings of the Cranston School Committee or a sub-committee thereof on November 30, 2010, February 22, 2011 and March 7, 2011.  Admitted that others voiced objections to the Banner during 2010.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 35.

36.     Admitted only that J.A. appeared and spoke in opposition to the Banner at meetings of the Cranston School Committee or a sub-committee thereof on November 30, 2010, February 22, 2011 and March 7, 2011.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 36.

37.     Admitted only that the Cranston School Committee undertook a consideration of the objections of J.A. and others to the Banner.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 37.

38.     Admitted only that the Cranston School Committee and a subcommittee thereof discussed the Banner at several meetings. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38.

39.     Admitted only that J.A. appeared and spoke in opposition to the Banner at meetings of the Cranston School Committee or a sub-committee thereof on November 30, 2010, February 22, 2011 and March 7, 2011.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 39.

40.     Admitted only that members of the public commented and expressed various positions regarding the Banner at the public meetings held on November 30, 2010, February 22, 2011 and March 7, 2011. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

41.     Admitted only that members of the public commented and expressed various positions regarding the Banner at the public meetings held on November 30, 2010, February 22, 2011 and March 7, 2011. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.

42.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42.

43.     Admitted only that on or about March 7, 2011, the Cranston School Committee decided not to remove the Banner at that time.  The remaining allegations in Paragraph 43 are denied.

44.     Admitted only that the Cranston School Committee heard and discussed various suggestions relating to the Banner.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Paragraph 51 sets forth conclusions of law to which no response is required.

52.     Defendants restate and incorporate their responses to Paragraphs 1 through 51 of the Complaint as if set forth fully herein.

53.     Denied.

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted.  The Complaint fails to articulate a legally sufficient factual basis for claims under 42 U.S.C. § 1983 and/or the United States Constitution.

### Second Affirmative Defense

Defendants have the status of sovereign and all benefits which inure to said status, including all applicable doctrines of immunity.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrine(s) of waiver, laches, and/or unclean hands.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the applicable statutes of limitation.

### Fifth Affirmative Defense

To the extent Plaintiff claims damages, said claim is limited by R.I.G.L. § 9-31-3.

### Sixth Affirmative Defense

Plaintiff's claims are barred to the extent that Defendants' alleged conduct is not covered by or is subject to qualified immunity and/or other defenses arising under 28 U.S.C. § 1983.

### Seventh Affirmative Defense

Plaintiff failed to join one or more necessary parties.

## Eighth Affirmative Defense

To the extent that Plaintiff claims damages, any such injury, if it occurred, resulted from the acts or omissions of a third party over which Defendants have no control.

## Ninth Affirmative Defense

To the extent that Plaintiff claims damages, they are unavailable as a matter of law by virtue of the public duty doctrine and Plaintiff's failure to comply with R.I.G.L. § 45-15-5.

## Tenth Affirmative Defense

Plaintiff's claims are barred by lack of standing.

## Demand for Jury Trial

In accordance with Fed. R. Civ. P. 38(b), Defendants demand a trial by jury on all issues so triable.

WHEREFORE, Defendants pray that the Court dismiss this action and award Defendants their costs, including reasonable attorneys' fees.

CITY OF CRANSTON, by and through
Robert F. Strom, in his capacity as
Director of Finance, and by and through
the SCHOOL COMMITTEE OF THE
CITY OF CRANSTON and SCHOOL
COMMITTEE OF THE CITY OF
CRANSTON, by and through Andrea Iannazzi, in
her capacity as Chair of the School Committee of
the City of Cranston

By counsel,

/s/ Joseph V. Cavanagh, Jr.
/s/ Joseph V. Cavanagh, III
Joseph V. Cavanagh, Jr. #1139
Joseph V. Cavanagh, III  #6907
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, Rhode Island  02903
Telephone:  (401) 831-8900
Facsimile:  (401) 751-7542
jvc@blishcavlaw.com
jvc3@blishcavlaw.com


/s/ Anthony A. Cipriano
/s/ Christopher M. Rawson
Anthony A. Cipriano  #1508
Christopher M. Rawson  #5191
869 Park Avenue
Cranston, Rhode Island 02910
Telephone:  (401) 780-3133
Facsimile:  (401)780-3179
acipriano@cranstonri.org
crawson@lovettlaw.com

*Of Counsel:*

Eric C. Rassbach, Esq.
Lori H. Windham, Esq. (*admitted pro hac vice*)
Joshua Hawley, Esq.
The Becket Fund for Religious Liberty
3000 K St. NW, Suite 220
Washington, D.C. 20007
Telephone:  (202) 955-0095
Facsimile:  (202) 955-0090
erassbach@becketfund.org
lwindham@becketfund.org
jhawley@becketfund.org

CERTIFICATE OF SERVICE

     I hereby certify that on this 17th day of June, 2011, the within document was filed electronically and made available for viewing and downloading from the Court's Electronic Case Filing System by all parties, represented as follows:

Lynette Labinger, Esq.
Roney & Labinger LLP
labinger@roney-labinger.com

Thomas R. Bender, Esq.
Hanson Curran LLP
trb@hansoncurran.com

                /s/ Joseph V. Cavanagh, III